

# KEN PAXTON
## ATTORNEY GENERAL OF TEXAS

June 13, 2017

Mr. Chase Untermeyer, Chair
Texas Ethics Commission
Post Office Box 12070
Austin, Texas 78711-2070

Opinion No. KP-0151

Re: Application of section 552.1175 of the Government Code to reports filed with the Texas Ethics Commission that by statute must be made available to the public (RQ-0144-KP)

Dear Mr. Untermeyer:

Public Information Act section 552.1175 makes certain personal information for specified public employees confidential. TEX. GOV'T CODE § 552.1175. You ask multiple questions about the application of section 552.1175 to reports filed with the Texas Ethics Commission (the "Commission") and other information that the Commission must make available to the public under various statutes.[1] As you explain, the Commission administers and enforces laws that "require certain persons to file campaign finance reports, lobby reports, and financial statements." Request Letter at 1. You identify several statutes that require the Commission to make such reports and statements public, emphasizing section 254.0401 of the Election Code. *Id.* at 1, 9; *see* TEX. ELEC. CODE § 254.0401(a) (requiring the Commission to make reports filed under Chapter 254 of the Election Code available to the public on the Internet within two days of filing).[2] You tell us that some state district judges recently asked the Commission to redact the judges' home addresses from campaign finance reports under section 552.1175 of the Government Code. Request Letter at 1. You state that "section 552.1175 of the Government Code appears to be in conflict with the [C]ommission's statutory requirements to make information in reports filed with the [C]ommission available to the public, including on the Internet." *Id.* at 2.

---

[1]Letter from Mr. Chase Untermeyer, Chair, Tex. Ethics Comm'n, to Honorable Ken Paxton, Tex. Att'y Gen. at 7–9 (Dec. 15, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]In addition to section 254.0401 of the Election Code, you also identify other provisions as requiring the Commission to make certain reports and statements public. *See* Request Letter at 1; TEX. ELEC. CODE § 254.0402(b) (requiring the Commission to make information from reports available by electronic means); TEX. GOV'T CODE §§ 302.016 (declaring certain statements by candidates for Speaker of the House of Representatives to be public), 303.005(e) (making reports filed by chairman of Governor for a Day or Speaker's Reunion Day ceremonies public), 305.009(a) (making reports filed under chapter 305 of the Government Code public records and requiring the Commission to make such reports available for public inspection), 571.066(b)(2) (requiring the Commission to "establish an electronic database composed of statements and reports filed with the [C]ommission" and "provide the public with access to that data"), 572.032(a) (making personal financial statements filed under chapter 572, subchapter B public records and requiring the Commission to maintain the records in an accessible manner).

Section 552.1175 declares the following information concerning thirteen groups of individuals, including certain state and federal judges, confidential:

> (b) Information that relates to the home address, home telephone number, emergency contact information, date of birth, or social security number of an individual to whom this section applies, or that reveals whether the individual has family members is confidential and may not be disclosed to the public under this chapter if the individual to whom the information relates:
>
> (1) chooses to restrict public access to the information; and
>
> (2) notifies the governmental body of the individual's choice on a form provided by the governmental body, accompanied by evidence of the individual's status.

TEX. GOV'T CODE § 552.1175(a)–(b).[3] The statute contains two exemptions for certain information in tax appraisal records and all documents filed with a county or district clerk. *Id.* § 552.1175(d)–(e); *see also* TEX. TAX CODE § 25.025 (prescribing confidentiality of certain tax appraisal records).

We adopt your nomenclature and refer to the information specified in section 552.1175 as "covered information" and to the groups of individuals who may choose to restrict public access to such information as "covered individuals." As you state, covered information might appear in reports and statements filed with the Commission for many reasons. Request Letter at 2–7. Numerous statutes require campaign finance reports, lobby reports, and financial statements to include various addresses, telephone numbers, and other information concerning candidates, officeholders, campaign treasurers, contributors, certain family members, and others. *See, e.g.,* TEX. ELEC. CODE §§ 252.002(a)(2)–(3) (requiring a campaign treasurer appointment to include the "campaign treasurer's residence or business street address [and] telephone number"), 254.031(a)(1) (requiring the "full name and address" of certain contributors); TEX. GOV'T CODE § 305.005(f)(1) (requiring a person registering as a lobbyist to provide "full name and address"). Depending on the covered individual's political role and activities, covered information about that person could appear in a variety of reports or statements, whether filed by the covered person or by someone else. Section 254.0401 of the Election Code and similar statutes require the Commission to make certain filed reports and statements public by posting them on an Internet website or otherwise, without regard to content. *See* TEX. ELEC. CODE § 254.0401; *see also supra,* note 2. Thus, when addresses, telephone numbers, and other covered information appear in a report or a statement that the Commission must make available to the public, the duty of nondisclosure under section 552.1175 is inconsistent with the duty of disclosure under section 254.0401 of the Election Code and similar statutes.

---

[3]A recently enacted amendment to section 552.1175, among other things, adds a fourteenth category of individuals, employees of the Texas Civil Commitment Commission, effective September 1, 2017. *See* Act of May 4, 2017, 85th Leg., R.S., S.B. 1576, §§ 13–14 (to be codified at Tex. Gov't Code § 552.1175(a)(14)).

Courts attempt to construe apparently inconsistent statutes in a manner that gives full effect to both. TEX. GOV'T CODE § 311.026(a). Where, as here, statutes irreconcilably conflict, courts determine which statute prevails according to several principles of statutory construction. Some statutes expressly state how to resolve conflicts in statutes, in which case courts determine priority according to the language of the statute without resorting to rules of construction. *See Molinet v. Kimbrell*, 356 S.W.3d 407, 414 (Tex. 2011) (holding that a statute containing a "notwithstanding any other law" provision evidenced legislative intent that it prevail over conflicting statutes). Absent an express conflicting-law provision, however, when one of the conflicting statutes is general and the other specific, the specific provision usually prevails as an exception to the general statute. *See* TEX. GOV'T CODE § 311.026(b); *In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d 686, 716 (Tex. 2015) (stating that "conflicts between general and specific provisions favor the specific, and when the literal terms of the two provisions cannot both be true, the terms of the specific provision ordinarily will prevail"). Another principle of statutory construction provides that "if statutes are irreconcilable, the statute latest in date of enactment prevails." *Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 297 (Tex. 2011) (quotation marks omitted); *see also* TEX. GOV'T CODE § 311.025(a) (stating that when statutes irreconcilably conflict, the "statute latest in date of enactment prevails"). However, the principle of general versus specific applies even to successive statutes. "[T]he principle behind the general/specific canon [is] that the two provisions are not in conflict, but can exist in harmony. The specific provision does not negate the general one entirely, but only in its application to the situation that the specific provision covers." ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS, 185 (2012). Thus, a general statute may prevail over a specific statute only if the general rule is the later enacted and it manifests the intent that it prevails—again a text-based inquiry. *See* TEX. GOV'T CODE § 311.026(b).

Neither section 552.1175 of the Government Code nor section 254.0401(a) of the Election Code and the other statutes you identify address how to resolve conflicting statutory duties. Thus, we must examine the statutes to determine which statutes are more specific. Section 552.1175 of the Government Code concerns the duty of any state or local governmental body in Texas to refrain from disclosing certain personal confidential information in its possession, without regard to where the information appears. *Id.* § 552.1175. Section 254.0401 of the Election Code and similar statutes, on the other hand, pertain only to the duties of the Commission to make specified reports and statements filed with the Commission available to the public. *See* TEX. ELEC. CODE § 254.0401(a); *see also supra*, note 2.[4] A court would likely conclude that section 552.1175 of the Government Code is a general statute while section 254.0401 and the other statutes you reference are the more specific statutes.

As the more specific statutes, section 254.0401 and the other statutes you reference will prevail unless section 552.1175 "is the later enactment and the manifest intent is that the general provision prevail." TEX. GOV'T CODE § 311.026(b). Regardless of whether section 552.1175 is "the later enactment," it does not manifest legislative intent that it prevail over conflicting specific

---

[4]When a contributor is identified in a report or statement, subsection 254.0401(e) requires the Commission to remove a portion of the address of a contributor before posting the form or statement on its website, although the information must remain available on the report maintained in the [C]ommission's office. TEX. ELEC. CODE § 254.0401(e).

statutes. *Id.* § 552.1175. Accordingly, a court would likely conclude that section 254.0401 and the other statutes you reference require the Commission to disclose the covered information when it makes filed reports and statements available to the public, even though the information remains confidential in other contexts. *See Peraza v. State*, 467 S.W.3d 508, 520 n.29 (Tex. Crim. App. 2015) ("When one statute deals with a subject in comprehensive terms, and another deals with a portion of the same subject in a more definite way, the specific rule prevails over the more general provision, absent contrary legislative intent."), *cert. denied*, 136 S. Ct. 1188 (2016); *Springer v. Johnson*, 280 S.W.3d 322, 329 (Tex. App.—Amarillo 2008, no pet.) (stating that "when the law makes a general provision, apparently for all classes, and a special provision for a particular class, the general must yield to the special insofar as the particular class is concerned").

Consistent with this position, multiple Open Records Decisions of this office have concluded that "exceptions to required public disclosure provided in the [Public Information Act] are inapplicable to information that statutes other than the [Public Information Act] expressly make public." Tex. Att'y Gen. ORD-623 (1994) at 3 (concluding that information made available to an applicant to the bar pursuant to section 82.003(c) of the Government Code is not subject to exceptions in the Public Information Act); *see also* Tex. Att'y Gen. ORD-525 (1989) at 3; ORD-451 (1986) at 4.[5] Thus, section 552.1175 does not require the Commission to redact or otherwise withhold covered information when a statute outside of the Public Information Act expressly makes that information public.

Your formal questions ask primarily whether section 552.1175 requires the Commission to redact or otherwise withhold covered information under that statute in numerous circumstances. Request Letter at 8–9. However, because section 552.1175 does not apply to specific reports and documents in the Commission's possession that provisions outside of the Public Information Act expressly make public, the Commission is not required to redact or otherwise withhold covered information in the circumstances you present.

Your last question is whether a different statute, subsection 572.032(a-1) of the Government Code, requires the Commission to withhold the home address of a former judge or justice or a former home address that appears in financial statements. *Id.* at 9. Subsection 572.032(a-1) requires the Commission to remove the home address of a "judge or justice" from

---

[5]You queried whether section 552.1175 of the Government Code allows the Commission to disclose covered information on the Internet because of an Open Records Decision that determined that the statute applied to covered information appearing in the master file lists of registered voters that the Secretary of State must make public under section 18.066(a) of the Election Code. *See* Request Letter at 7–8; Tex. Att'y Gen. ORD-678 (2003) at 5; *see also* TEX. ELEC. CODE § 18.066(a)–(b). The decision concluded that the two statutes conflicted, and because section 552.1175 was the most recent enactment, the Secretary of State would be required to honor a request to withhold the covered information from the public master voter list. Tex. Att'y Gen. ORD-678 (2003) at 5. Subsequent to the issuance of that opinion, the Legislature amended subsection 13.004(c)(5) of the Election Code, providing that certain information furnished on a voter registration application by individuals to whom section 552.1175 of the Government Code applies is confidential and does not constitute public information. TEX. ELEC. CODE § 13.004(c)(5); Act of May 24, 2013, 83d Leg., R.S., ch. 937, § 1, 2013 Tex. Gen. Laws 2321, 2321 (codified at Tex. Elec. Code § 13.004(c)(5)). Thus, the result reached in ORD-678 is consistent with subsection 13.004(c)(5).

financial statements. TEX. GOV'T CODE § 572.032(a-1). As this office has observed, a former address may be used to obtain a current address. *Cf.* Tex. Att'y Gen. ORD-622 (1994) at 5–6 (determining that a former address or telephone may be withheld from disclosure under section 552.117 of the Government Code). Also, section 13.0021 of the Election Code defines federal judges and state judges as including former judges. *See* TEX. ELEC. CODE § 13.0021. Thus, a court would likely conclude that the requirement in 572.032(a-1) includes former judges and former addresses of judges.[6]

---

[6]Legislation effective September 1, 2017, specifically defines a "state judge" as including former judges for purposes of chapter 572 of the Government Code. *See* Act of May 22, 2017, 85th Leg., R.S., S.B. 42, § 18 (to be codified at Tex. Gov't Code § 572.002). Among other things, the bill would require the Commission to "remove or redact from any financial statement, or information derived from a financial statement, that is available to the public the residence address of a federal judge, a state judge, or the spouse of a federal or state judge." *Id.* § 19 (to be codified at Tex. Gov't Code § 572.035).

## S U M M A R Y

A court would likely conclude that section 254.0401 of the Election Code and other statutes specific to the Texas Ethics Commission that require the Commission to make reports and statements available to the public are more specific than section 552.1175 of the Government Code.

As the more general statute of the two, section 552.1175 would not apply to require the Commission to redact or otherwise withhold information covered by that section when provisions outside of the Public Information Act expressly make the information public.

Subsection 572.032(a-1) of the Government Code requires the Commission to withhold the home address of a former judge or justice or a former home address that appears in financial statements.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee